**Opinion issued May 7, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-00870-CR**

————————————

**KEITH WAYNE FRANCIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1614325**

---

## MEMORANDUM OPINION

Appellant, Keith Wayne Francis, pleaded guilty to the felony offense of burglary of a habitation with intent to commit assault[1] and pleaded true to the

---

[1]    *See* TEX. PENAL CODE ANN. § 30.02.

allegations in a felony enhancement paragraph.[2]  The trial court found appellant guilty, found the enhancement true, and, in accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to confinement for 15 years.  Appellant filed a *pro se* notice of appeal.  We dismiss the appeal.[3]

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal.  *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The record supports the trial court's certification.  *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-

---

[2]     *See* TEX. PENAL CODE ANN. § 12.42(b).

[3]     **[note to panel]** On March 6, 2020, appellate counsel, Celeste Blackburn, filed an *Anders* brief, stating that she found no arguable issues on appeal.  Because appellant waived his appeal and we lack jurisdiction over the appeal, we do not address the *Anders* brief.

2

bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).